**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★  NOV 23 2011  ★

--------------------------------------------------------------------

AUSTIN ENERGY, LLC,

**LONG ISLAND OFFICE**

        Plaintiff,

    -  against -

**COMPLAINT**

ECOLUMENS, LLC,

CV 11 5749

SPATT, J.

        Defendant.

LINDSAY, M

--------------------------------------------------------------------X

**SUMMONS ISSUED**

**S I R S :**

Plaintiff, AUSTIN ENERGY, LLC (hereinafter referred to as "Plaintiff" and/or "AEL"),

as and for its complaint of the Defendant, alleges as follows:

## PARTIES and JURISDICTION

1.    At all times herein mentioned, Plaintiff was and still is a domestic corporation maintaining a place of business in the County of Suffolk, State of New York.

2.    At all times herein mentioned, Eco Lumens, LLC (hereinafter "ECOLUMENS") was and still is a foreign corporation maintaining a principal place of business in the State of California, and doing business in the State of New York.

3.    Jurisdiction is properly before this Court as the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. 1332.

## RELEVANT FACTS

4.    On or about August 25 2009, Plaintiff entered into a Distribution Agreement with Defendant.  (A true copy of the Distribution Agreement is annexed hereto as Exhibit A).

1

5.      That pursuant to said agreement, Plaintiff was appointed as an independent distributor for Defendant, to engage in purchasing, marketing and selling the Defendant's LED lighting fixtures, and in obtaining orders for such products.

6.      By the terms of the Distribution Agreement, the same was not to be terminated without at least forty-five (45) days written notice to the party against whom termination is sought unless a party breached a term of the Agreement.

7.      Plaintiff at no time terminated any of the terms of the aforementioned Agreement.

8.      That at all times therein, AUSTIN acted in good faith and promoted ECOLUMENS' product(s) in accordance with the aforementioned Distribution Agreement.

9.      That prior to the parties' execution of the Distribution Agreement, and as an inducement to enter said agreement, ECOLUMENS repeatedly assured AUSTIN that its lighting product(s) had Underwriter's Laboratory ("UL") certification.

10.     That despite the aforementioned assurances and after AUSTIN'S execution of the Distribution Agreement, ECOLUMENS disclosed that UL certification was, in fact, not given.

11.     That in or about early January of 2010, ECOLUMENS assured AUSTIN that UL certification "might" occur in late March/early April 2010 without any assurance UL approval would actually be received; a material fact not disclosed on August 25, 2009.

12.     From the inception of the parties' relationship, ECOLUMENS repeatedly made the false representations that its products had passed United Laboratories ("UL") testing (*see* attached email dated July 30, 2009)(Exhibit B) and had all appropriate UL certification (*see* attached email dated August 19, 2009)(Exhibit C).

13. That ECOLUMENS provided marketing material to AUSTIN that contained the same false representation (*see* attached ECOLUMENS marketing brochure and Product Catalogue)(Exhibit D).

14. That ECOLUMENS made these representations ***before*** AUSTIN executed the Distribution Agreement, for the purpose of inducing AUSTIN to enter into the contract.

15. That upon information and belief, ECOLUMENS to date, has not received UL certification for the lighting products that were subject to the Distribution Agreement.

16. That the UL certification for the lighting products that were subject to the Distribution Agreement was necessary in order for AUSTIN to be able to sell its products.

17. That ECOLUMENS failed to provide AUSTIN with reliable, marketable and working lighting product(s).

18. That the lighting product(s) furnished by ECOLUMENS to AUSTIN, particularly the driver component, have routinely failed such that the lighting product(s) is neither reliable nor fit for its intended purpose.

19. As a result of the foregoing, AUSTIN has been compelled to replace ECOLUMENS' failed lighting product(s) with substitute lighting at its sole cost and expense.

20. As a result of the foregoing, AUSTIN has incurred more than $51,000 in expenses to remove previously installed defective ECOLUMENS lighting products and to replace same with properly functioning lighting.

21. That in an effort to mitigate some of its damages, AUSTIN returned all incomplete LED lighting products ("Lighting Products") previously shipped by ECOLUMENS as the Lighting Products were incomplete and not fit for their ordinary and intended use as they

were shipped by ECOLUMENS without drivers (and properly functioning drivers have never been delivered to AUSTIN).

22.     That these drivers were essential components to the proper functionality of the Lighting Products.

23.     Instead of providing AUSTIN with properly functioning drivers, ECOLUMENS, instead, terminated the Distribution Agreement, contrary to its obligations, rendering any Lighting Products in AUSTIN'S possession useless and worthless.

24.     That, given the ongoing failure of the drivers associated with ECOLUMENS' Lighting Products, AUSTIN is now wrongfully denied the ability to repair or replace the failed Lighting Products installed at AUSTIN'S customers' place of business.

25.      That as a result of the foregoing, AUSTIN is entitled to a full refund of all monies previously paid to ECOLUMENS in connection with the Distribution Agreement.

26.     That AUSTIN is entitled to reimbursement from ECOLUMENS for all costs and expenses incurred in removing and replacing the failed ECOLUMENS Lighting Products and drivers that AUSTIN previously installed.

27.     That AUSTIN paid a total amount of $137,611.43 to ECOLUMENS for the defective/valueless Lighting Products and drivers and, to date, has incurred costs in excess of $51,400 to remove and replace the previously installed defective Lighting Products and drivers.

28.     Therefore, AUSTIN is hereby entitled to the amount of $189,018.23 in damages as the result of the foregoing.

29. That further, on or about January 13, 2010 ECOLUMENS' principal contacted NES Energy ("NES"), a Long Island, New York based entity, by telephone and stated that AUSTIN had breached its Distribution Agreement with ECOLUMENS.

30. That ECOLUMENS further stated that NES should bypass AUSTIN and deal directly with ECOLUMENS as the result of said breach.

31. That ECOLUMENS was aware that NES is a client of AUSTIN.

32. That this false statement by ECOLUMENS has damaged AUSTIN's reputation and business relationship with this business entity.

33. Such conduct constitutes, among other causes of action, defamation, defamation per se, and tortuous interference by ECOLUMENS of AUSTIN'S business relationship with NES.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

34. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the foregoing paragraphs herein, with the same force and effect as if set forth at length herein.

35. That by virtue of the foregoing, Defendant has breached its contract and agreement with Plaintiff.

36. That the Defendant has and had no basis for its breach of contract with the Plaintiff.

37. That as a result of the breach of contract by the Defendant, the Plaintiff has been injured in the amount of $189,018.23.

38. Wherefore, Plaintiff has suffered damages in the amount of $189,018.23, and demands judgment of the Defendant therefor.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Fraud)

39.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the foregoing paragraphs herein, with the same force and effect as if set forth at length herein.

40.    That ECOLUMENS made multiple promises and representations pursuant to the contract and otherwise which were not kept or were never true.

41.    That ECOLUMENS was at all times aware that the promises and representations that were made to AUSTIN about its products were untrue and despite the same, made said promises and representations in disregard of the truth.

42.    Plaintiff reasonably relied on the several promises and representations made by ECOLUMENS and thus based on same, Plaintiff entered into the aforementioned Distribution Agreement with Defendant.

43.    That Plaintiff relied to its detriment as the same were false, as the ECOLUMENS lighting product(s) were neither reliable nor fit for its intended purpose, nor did the same have UL certification that they were purported to have.

44.    Wherefore, ECOLUMENS has committed a fraud upon Plaintiff.

45.    Wherefore, Plaintiff has suffered damages in an amount to be determined at trial as an accounting action is necessary to discover what is fully owed.

## AS AND FOR A THIRD  CAUSE OF ACTION

### (Fraudulent Inducement)

6

46.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the foregoing paragraphs herein, with the same force and effect as if set forth at length herein.

47.     That as a result of ECOLUMENS' fraudulent statements, representations and inducements, Plaintiff was fraudulently induced into signing the agreement with ECOLUMENS and additionally allowed the agreement to continue throughout the dissatisfactory performance of ECOLUMENS due to its continued fraudulent assurances, statements, representations and inducements.

48.     As a result of the foregoing, ECOLUMENS has fraudulently induced the Plaintiff into agreeing to distribute the ECOLUMENS product and pursuant to the foregoing, the same proved to be detrimental to Plaintiff AUSTIN.

49.     Wherefore, Plaintiff has suffered damages in an amount to be determined at trial as an accounting action is necessary to discover what is fully owed.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Defamation/Defamation Per Se)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the foregoing paragraphs herein, with the same force and effect as if set forth at length herein.

51.     That as stated above, on or about January 13, 2010 ECOLUMENS' principal contacted NES Energy ("NES"), a Long Island, New York based entity, by telephone and stated that AUSTIN had breached its Distribution Agreement with ECOLUMENS.

52.     That ECOLUMENS further stated that, NES should bypass AUSTIN and deal directly with ECOLUMENS as the result of said breach.

53.     That ECOLUMENS was aware that NES is a client of AUSTIN.

54.   That this false statement as to the business practices of Plaintiff, made by ECOLUMENS, has damaged AUSTIN'S reputation and business relationship with this business entity.

55.   Such conduct constitutes, among other causes of action, defamation, defamation per se, by Defendant.

56.   Wherefore, Plaintiff has suffered damages in an amount to be determined at trial as an accounting action is necessary to discover what is fully owed.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Tortious Interference with the Business Relationship with Austin and NES)

57.   Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the foregoing paragraphs herein, with the same force and effect as if set forth at length herein.

58.   That Defendant's action and false statements and inducements made to NES were calculated to interfere with the business relationship with NES and AUSTIN.

59.   That as the result of the foregoing, and that as a result of the false and misleading statements and purposeful actions of Defendant, AUSTIN'S reputation and business relationship with this business entity has been permanently damaged.

60.   Such conduct constitutes, among other causes of action, tortuous interference by Defendant with the existing business relationship that Plaintiff had with NES.

61.   Wherefore, Plaintiff has suffered damages in an amount to be determined at trial as an accounting action is necessary to discover what is fully owed.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Negligence)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the foregoing paragraphs herein, with the same force and effect as if set forth at length herein.

63.     That Defendant owed Plaintiff and its customers a certain duty to deliver to Plaintiff a product that was safe, complete and fit for its ordinary and intended purpose.

64.     That Defendant owed to Plaintiff a duty to deliver a product that had UL certification.

65.     That Defendant owed to Plaintiff a duty to adhere to its representations that induced Plaintiff to agree to distribute the product of Defendant.

66.     That Defendant breached these duties as it negligently sent to Plaintiff incomplete LED lighting products ("Lighting Products") and thus the same were incomplete and not fit for their ordinary and intended use.

67.     That Defendant negligently shipped to Plaintiff without "drivers" or properly functioning "drivers".

68.     That Defendant negligently made the representation that its products that were subject to the distribution agreement had UL certification.

69.     That as the result of the Defendant's negligent representations and negligent shipping and manufacturing, the ECOLUMENS lighting product(s) were neither reliable nor fit for its intended purpose, nor did the same have UL certification that they were purported to have.

70.     That as a result of Defendant's negligence, Plaintiff was compelled to replace ECOLUMENS' failed lighting product(s) with substitute lighting at its sole cost and expense.

71.   That as a result of Defendant's negligence, Plaintiff experienced both monetary damage as well as damage to its reputation.

72.   Wherefore, Plaintiff has suffered damages in an amount to be determined at trial as an accounting action is necessary to discover what is fully owed.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

73.   Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the foregoing paragraphs herein, with the same force and effect as if set forth at length herein.

74.   That Plaintiff delivered to Defendant a product that was neither reliable nor fit for its intended purpose, nor did the same have UL certification that they were purported to have.

75.   That Plaintiff had paid Defendant the amount of approximately $137,611.43 for its product which was unfit for sale and distribution.

76.   That Defendant was aware that the purpose of Plaintiff's payment of the aforementioned product was solely so that it may distribute and sell said product.

77.   That Plaintiff was unable to successfully able to distribute and sell said product due to the flaws inherent in same, and in fact was financially damaged in having to replace said products for its customers.

78.   Therefore, Defendant has unjustly enriched itself to the detriment of the Plaintiff.

79.   Wherefore, Plaintiff has suffered damages in an amount to be determined at trial as an accounting action is necessary to discover what is fully owed.

**W H E R E F O R E**, Plaintiff demands judgment against the Defendant:

a.      In the first cause of action, in the amount of $189,018.23;

b.      In the second cause of action, in the amount of $189,018.23;

c.      In the third cause of action, in the amount of $189,018.23;

d.      In the fourth cause of action, in the amount of $189,018.23;

e.      In the fifth cause of action, in an amount to be determined at the Trial of the matter but estimated to exceed $300,000.00;

f.      In the sixth cause of action, in the amount of $189,018.23;

g.      In the seventh cause of action, in the amount of $189,018.23;

h.      Each together with the costs, fees, reasonable attorneys' fees and interest as set forth herein; and

i.       for such other and further relief as to this Court may appear just and proper.

Dated:          Hauppauge, New York
                November 21, 2011

                                        THE WEINSTEIN GROUP P.C.

                                        By
                                        LLOYD J. WEINSTEIN, ESQ
                                        Attorneys for the Plaintiff
                                        Ten Newton Place
                                        Hauppauge, NY 11788
                                        631 851 1090

To:     **Eco Lumens, LLC**
        PO Box 4194
        Oceanside, California 92052

## VERIFICATION

STATE OF NEW YORK      )
                       )   : ss
COUNTY OF SUFFOLK      )


**WILLIAM HARDY,** being duly sworn, deposes and says:

I am a member of the Plaintiff Corporation in the captioned action. I have read the foregoing Complaint and know the contents thereof.  That the same is true and correct to the best of my knowledge and as to any such matters alleged upon information and belief, deponent believes same to be true.

_____
WILLIAM HARDY


Sworn to before me this 18th

Day of November, 2011


_____
Notary Public          STEPHANIE CANEPA
                       NOTARY PUBLIC-STATE OF NEW YORK
                       No. 01CA6204577
                       Qualified in Suffolk County
                       My Commission Expires April 20, 2013


12