**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
AUSTIN ENERGY, LLC,

                                          Plaintiff, **MEMORANDUM OF DECISION AND ORDER**
11-CV-5749 (ADS)(ARL)

       -against-

ECO LUMENS, LLC,

                                           Defendant.
----------------------------------------------------------------X

**<u>APPEARANCES:</u>**

**The Weinstein Group, PC**
*Attorneys for the Plaintiff*
Three Crossways Park West
Woodbury, New York 11797
       By: Lloyd Weinstein, Esq., Of Counsel

**Jonathan M. Landsman, Esq.**
*Attorney for the Defendant*
260 Madison Avenue
New York, New York 10016

**SPATT, District Judge.**

On November 23, 2011, the Plaintiff Austin Energy, LLC ("the Plaintiff") commenced this action against the Defendant Eco Lumens, LLC ("the Defendant"), asserting causes of action for breach of contract; fraud; fraudulent inducement; defamation; tortious interference with business relationships; negligence; and unjust enrichment. On February 23, 2012, based on the Defendant's failure to timely answer or otherwise respond to the Complaint, the Plaintiff requested a Certificate of Default, which was subsequently entered by the Clerk of the Court on that same date. Thereafter, on September 7, 2012, after referring the matter to United States Magistrate Judge Arlene R. Lindsay, this Court adopted Judge Lindsay's Report and

Recommendation, dated August 13, 2012, and entered a default judgment against the Defendant. The Court also awarded the Plaintiff $137,611.43 in damages, plus post-judgment interest.

Presently before the Court is the Defendant's unopposed motion pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 55(c) and 60(b) to vacate both the Certificate of Default and the default judgment. The Defendant also moves, unopposed, for an order quashing all information subpoenas issued pursuant to the default judgment. For the reasons discussed below, the Defendant's motion is granted.

## I. BACKGROUND

The Plaintiff, a corporation, maintains a place of business in the County of Suffolk, State of New York. (Compl., ¶ 1.) The Defendant is a Delaware limited liability company which was formed on October 24, 2008 under the laws of the State of Delaware. (Scarpelli Decl., ¶ 3.) The name it was registered under was "Eco Lumens, LLC." (Scarpelli Decl., ¶ 3.) The Distribution Agreement that is the subject of this action identifies the Defendant as "a Delaware limited liability company." (Compl., Exh. A.) Further, on November 5, 2010, in a prior action brought by the Plaintiff against the Defendant, Case No. 10-CV-5474 (the "2010 Action") and also arising under the Distributor Agreement, the Plaintiff's counsel served the Defendant at the office of the Secretary of the State of Delaware. (Scarpelli Decl., Exh. 5.) The Plaintiff's counsel is the same in the present action as it was in the 2010 Action. (Scarpelli Decl., Exh. 10.)

On July 20, 2009, the Defendant was registered to do business in the State of California, but under the name "Eco-Epad, LLC." (Scarpelli Decl. ¶ 4.) The Defendant's registered agent for service of process for the Defendant is Ifat C. Scarpelli. (Scarpelli Decl., ¶ 5.)

However, the name "Eco Lumens, LLC" is also used by another company that is separate from the Defendant. (Scarpelli Decl., ¶ 6.) It was registered in the State of California on

February 27, 2007. (Scarpelli Decl., ¶ 6.) This separate company (hereinafter "Eco Lumens California") is not a party to the Distributor Agreement. (Scarpelli Decl., ¶ 6.) The agent for service of process for Eco Lumens California is Nicholas Tepper ("Tepper"). (Scarpelli Decl., ¶ 7.)

On December 13, 2011, at approximately 7:20 p.m., the Plaintiff served Tepper with the summons and complaint in this action, even though Tepper was the registered agent for service of process for Eco Lumens California and not the Defendant. (Dkt. No. 2.) Through early 2013, the Defendant never received a copy of the summons and complaint in this action from either the Plaintiff's attorney or from Tepper. (Scarpelli Decl., ¶ 11.) It was not until late spring 2013 when the Plaintiff's attorney served the Defendant with information subpoenas that the Defendant learned about the existence of this lawsuit. (Scarpelli Decl., ¶ 11.) This was several months after a default judgment had been entered against the Defendant, which, as stated above, was ordered by this Court on September 7, 2012.

The Defendant made the present motion on July 23, 2013. In addition to claiming that it had no knowledge of this lawsuit until late spring of 2013, the Defendant also alleges that it has a meritorious defense. (Scarpelli Decl., ¶ 15.) In this regard, the Defendant alleges that the Distributor Agreement contains a mandatory arbitration clause requiring that all disputes arising under the Distributor Agreement are to be arbitrated in California. (Scarpelli Decl., ¶ 12; Compl., Exh. A.) The Defendant further points out that in the 2010 Action, when faced with the Defendant's motion to dismiss and/or stay the action and compel arbitration on the ground that the Distributor Agreement mandated arbitration, the Plaintiff consented to a discontinuance, and thereafter, this Court "so ordered" a stipulation, dated January 29, 2011, stating that "if plaintiff elects to reassert its alleged claims against defendant, that plaintiff shall do so by seeking

3

arbitration before the American Arbitration Association in Orange County, California." (Scarpelli Decl., ¶ 12; Scarpelli Decl., Exh. 7.)

## II.  DISCUSSION

### A. Legal Standard

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).  Once an entry of default has been made, the defendant may move to set aside the default entry pursuant to Fed. R. Civ. P. 55(c) for "good cause shown."  Fed. R. Civ. P. 55(c).  Where there has been a certificate of default by the Clerk of the Court, but no default judgment, the Court decides the motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b).  See Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").  However, where, as here, a default judgment has been entered, courts must look to Fed. R. Civ. P. 60(b) rather than Fed. R. Civ. P. 55(c).  Aetna Life Ins. Co. v. Licht, at *3 (S.D.N.Y. Oct. 25, 2004) ("Motions to vacate default judgments are assessed via the more stringent standard of Rule 60(b), rather than the lesser standard of Rule 55(c) governing certificates of default, because courts are less willing to upset a final judgment.") (citing Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996))

The Second Circuit "[has] identified three factors relevant to deciding a motion to vacate a default judgment pursuant to Rule 60(b): '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what

4

extent, vacating the default will cause the nondefaulting party prejudice.'" Taizhou Zhongneng Import and Export Co., Ltd. v. Koutsobinas, 509 F. App'x 54, 56 (2d Cir. 2013) (quoting State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166–67 (2d Cir. 2004)) (hereinafter "Taizhou"). "Although a motion to set aside a default judgment is 'addressed to the sound discretion of the district court,'" the Second Circuit has nevertheless "'expressed a strong preference for resolving disputes on the merits.'" Id. (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). Indeed, "[i]t is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001) (citations omitted). Thus, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." Green, 420 F.3d at 104 (citing Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)); see also Taizhou, 509 F. App'x at 56.

However, where, as in this case, "a default judgment [is] entered when there has been no proper service of the complaint[,] . . . the district court need not resort to an analysis of the three factors listed above." Klein v. U.S., 278 F.R.D. 94, 97 (W.D.N.Y. 2011) (citations omitted). This is because without proper service, the default judgment "is, a fortiori, void, and should be set aside." Id. In this regard, "a court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." U.S. v. Kadoch, No. 96 CV 4720(CBA), 2011 WL 2680510, at * 4 (E.D.N.Y. June 10, 2011), adopted by, 2011 WL 2680362 (E.D.N.Y. July 8, 2011) (quoting Copelco Capital. Inc. v. General Counsel of Bolivia, 940 F. Supp. 93, 94 (S.D.N.Y. 1996) (internal quotation marks and brackets omitted).

5

In this case, it appears to the Court, based on the undisputed evidence presented by the Defendant in its motion, that the Plaintiff never properly served the Defendant with the summons and complaint. Rather, the Plaintiff served Eco Lumens California, a wholly separate entity from the Defendant. Accordingly, because the Court lacks personal jurisdiction over the defaulting defendant, the default judgment entered against it is void and must be vacated. See Dorrough v. Harbor Securities, LLC, No. 99 CV 7589(ILG), 2002 WL 1467745, at *3 (E.D.N.Y. May 10, 2002) ("However, where service of process has not been properly effected, the court lacks personal jurisdiction over the defaulting defendant, and a default judgment entered against him is void and must be vacated.") (collecting cases).

Therefore, the Court grants the Defendant's motion to vacate the Certificate of Default and the default judgment and reopens this case. Further, in light of this ruling, the Court also grants the Defendant's motion to quash the information subpoenas issued pursuant to the default judgment. See, e.g., Klein, 278 F.R.D. at 98 ("In addition, the deposition subpoena served on [the counter-claim defendant] must be quashed, since the case now stands in a different posture from when it was served on [the counter-claim defendant], and a deposition at this point would be premature."). The Plaintiff is directed to effectuate proper service on the Defendant within ten days of the date of this Order.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Defendant's motion to vacate the February 23, 2012 Certificate of Default and the September 7, 2012 default judgment is granted; and it is further

**ORDERED**, that the information subpoenas issued pursuant to the default judgment are quashed; and it is further

**ORDERED**, that the Clerk of the Court is directed to reopen this case; and it is further

**ORDERED**, that the Plaintiff is directed to effectuate proper service on the Defendant within ten days of the date of this Order.


**SO ORDERED**.
Dated: Central Islip, New York
December 19, 2013

                                              ____*/s/ Arthur D. Spatt*____
                                               ARTHUR D. SPATT
                                        United States District Judge